# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PROBUILT HOMES, INC., | ) | CASE NO. 1:13CV1685 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL J. JELENIC, d/b/a JELENIC | ) | **AND ORDER** |
| CONSTRUCTION CO., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion to intervene filed by Owners Insurance Company ("OIC"), pursuant to Fed. R. Civ. P. 24. (Doc. No. 12.) No opposition or response has been filed and the time for doing so has expired. For the reasons set forth herein, the motion is **DENIED**.

## I. BACKGROUND[1]

On August 2, 2013, plaintiff ProBuilt Homes, Inc. ("ProBuilt") filed a complaint against defendant Michael J. Jelenic d/b/a Jelenic Construction Co. ("Jelenic"). On October 2, 2013, Jelenic filed a third party complaint against Walter Bilinsky and Candace Bilinsky ("the Bilinskys").

ProBuilt alleges that it is the owner of the copyright in an architectural work, specifically, a residential home design known as the "Whitfield." In or about 2006, and again in late 2011 through early 2012, the Bilinskys, as prospective home buyers, toured ProBuilt's

---

[1] The facts recited herein are taken from the pleadings and are included merely to provide context. The Court makes no finding with respect to any of these facts, all of which are subject to ultimate proof at the appropriate time.

Whitfield model several times, and eventually entered into discussions with ProBuilt for the construction of a Whitfield home on a vacant residential lot they owned in Concord, Ohio. These discussions resulted in both construction specifications and pricing for the Whitfield being provided to the Bilinskys by ProBuilt.

Some time later, the Bilinskys were introduced to Jelenic, a homebuilder. Jelenic allegedly told the Bilinskys that he could build the Whitfield for a substantially lower amount than ProBuilt. ProBuilt alleges that the Bilinskys gave Jelenic the construction specifications ProBuilt had supplied them, and that Jelenic either visited the Whitfield model himself and/or had access to the model's floor plans through readily available ProBuilt marketing materials.

Jelenic and the Bilinskys entered into a home construction contract in March 2012. Jelenic gave a hand-drawn sketch of the floor plan to a designer who then created the construction plans for the Bilinsky house. Construction commenced thereafter. ProBuilt learned of the construction, obtained copies of the plans on file with the Lake County Building Department, and determined that the Bilinskys' house was substantially a copy of ProBuilt's Whitfield design. On or about October 23, 2012, ProBuilt gave notice to Jelenic and others of its copyright infringement claim.

The complaint sets forth three counts against Jelenic: (1) copyright infringement; (2) unfair competition; and (3) tortious interference with prospective business relations. In his third party complaint for contribution against the Bilinskys, Jelenic alleges that his liability, if any, was caused by the negligence and/or infringement of the Bilinskys.

OIC issued a Commercial General Liability Policy (the "Policy") to Jelenic, which was in force from August 12, 2011 to August 12, 2012. OIC is currently providing Jelenic with a defense under the Policy, subject to a reservation of its rights to seek a declaratory

2

judgment with respect to its duty to defend and/or indemnify Jelenic. OIC seeks to intervene as a plaintiff to obtain just such a declaratory judgment.

## II. DISCUSSION

OIC seeks intervention of right under Fed. R. Civ. P. 24(a).[2] A court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A proposed intervenor under this rule must establish the following: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Although the Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention of right[,]" *Michigan State AFL-CIO*, 103 F.3d at 1245, "this

---

[2] OIC also mentions, without any supporting legal argument, that the Court should grant permissive intervention under Fed. R. Civ. P. 24(b)(1), which provides, in relevant part, that "the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion regarding permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Notwithstanding OIC's complete failure to show why this Court should exercise its discretion under this rule and any case law interpreting it, the Court itself concludes that there is no "common question of law or fact." Moreover, even though the case is still in its early stages, if intervention were permitted, the coverage issues under the Policy would quickly become the tail wagging the dog, and plaintiff's claims against defendant would take an immediate back seat, resulting in delay of the original parties' dispute. Therefore, the Court declines to exercise its discretion to allow permissive intervention.

does not mean that any articulated interest will do." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007). Courts have "routinely denied intervention on grounds that insurers contesting coverage have no more than a contingent interest in the underlying action." *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, No. 2010 WL 1839036, at *3 (S.D. Ohio May 3, 2010) (citing cases).

In *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989) (cited by *J4 Promotions*), the court affirmed a district court's denial of a motion to intervene by insurers reserving their rights. The court agreed with the lower court that the insurers had failed to satisfy the second requirement – an interest in the subject of the action. The court in *Dingwell* noted that such interest "must be direct, not contingent[,]" *id.* at 638 (citing cases), and concluded that "[w]hen the insurer offers to defend the insured but reserves the right to deny coverage, . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue." *Id.* (citing cases). It further held:

> Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer "a double bite at escaping liability."

*Id.* at 639 (quoting *United Servs. Auto. Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246, 251 (1987)). The court further noted that the underlying lawsuit involved "the apportionment of tort liability, not the respective rights and obligations of an insured and his insurers under their insurance policy." *Id.* at 640; *see also Nieto v. Kapoor*, 61 F. Supp. 2d 1177 (D. N.M. 1999) ("The insurer's interest in adjudicating coverage, like its interest in minimizing its insured's liability, has no bearing on the underlying action[.]"); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012)

4

(denying intervention because the subject matter of the underlying action had "nothing to do with [proposed intervenor's] interest[,]" which was "entirely contingent on future events: the Plaintiffs' success in their claims against [defendant] and a determination of [proposed intervenor's] duties under the insurance contract."). These cases provide excellent guidance for this Court.

In this case, the underlying lawsuit involves copyright infringement, unfair competition, and tortious interference with business dealings. The intervenor's action would seek solely to resolve coverage issues under the Policy, including: "(1) the extent, if any, to which [OIC] owes a duty to defend or indemnify Jelenic in the instant matter; (2) the extent, if any, to which any of the claims set forth by ProBuilt are subject to exclusions, conditions, or definitions that would limit or eliminated coverage; (3) the extent, if any, Jelenic is an 'insured' under the Policy for the claims ProBuilt has made against him." (Doc. No. 12 at 51.)

Concluding that OIC cannot establish the second requirement for intervention of right, the Court need not address the other three requirements.

## III. CONCLUSION

Finding that Owners Insurance Company has failed to meet the requirements for intervention of right under Fed. R. Civ. P. 24(a), the motion to intervene (Doc. No. 12) is **DENIED**.

**IT IS SO ORDERED**.


Dated: February 28, 2014

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**